## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ROY L. NOREY,**

      **Plaintiff,**

      **v.**                           **CASE NO. 24-3149-JWL**

**(FNU) KENTRELL, Officer,**
**USP-Leavenworth,**

      **Defendant.**

## <u>MEMORANDUM AND ORDER TO SHOW CAUSE</u>

Plaintiff Roy L. Norey is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

## I.  Nature of the Matter before the Court

Plaintiff, a federal prisoner, brings this pro se civil rights action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Plaintiff is in custody at the Forest City-FCI in Forest City, Arkansas.  Plaintiff's claims are based on incidents occurring during his incarceration at USP-Leavenworth in Leavenworth, Kansas ("USPL").  The Court granted Plaintiff leave to proceed in forma pauperis.  On September 3, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC"), ordering Plaintiff to show good cause why his Complaint should not be dismissed as barred by the statute of limitations.  This matter is before the Court on Plaintiff's Response (Doc. 7).  The Court's screening standards are set forth in the Court's MOSC.

Plaintiff alleges that he was assaulted by Officer Kentrell at USPL on November 1, 2021. (Doc. 1, at 3; Doc. 5, at 2.)  Plaintiff claims that Officer Kentrell elbowed Plaintiff in the chest

three times and "snatched" Plaintiff back by pulling his hair and grabbing his shoulder.  (Doc. 1, at 4; Doc. 5, at 2.)  Plaintiff filed an administrative grievance that same day.  (Doc. 1–1, at 3.)  Plaintiff seeks $10,000,000 in compensatory damages.  (Doc. 5, at 5.)

## II. Discussion

The Court found in the MOSC that it plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations.  Plaintiff's Complaint was signed on August 22, 2024.  Plaintiff's alleged violations occurred on November 1, 2021.  It thus appears that any events or acts of Defendant taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred.  *See Fratus v. Deland*, 49 F.3d 673, 674–75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).  The Court found in the MOSC that Plaintiff failed to allege facts suggesting that he would be entitled to statutory or equitable tolling.

In his response to the MOSC, Plaintiff alleges that he filed a claim under the Federal Tort Claims Act ("FTCA") within the applicable statute of limitations and he "is aware if there was a tort claim filed on an issue, that 6 month[s] after the decision was to be decided was the revised date for the statute of limitations."  (Doc. 7, at 1.)  Plaintiff then states that he received the decision on his tort claim on February 27, 2024, and therefore he "was under the notion [he] had until August 27, 2024, to file the civil complaint."  *Id*.  He also claims that he was exhausting his administrative remedies, and attaches an Extension of Time for Response – Administrative Remedy, that extended the time to respond to the Central Office Appeal to July 18, 2022.  (Doc. 7–1, at 5.)

Plaintiff believes that the statute of limitations for his claims in this case was tolled while he pursued his claim under the FTCA. "Most courts that have addressed this issue have largely concluded that administrative exhaustion of FTCA claims does not toll the statute of limitations as to a *Bivens* claim." *Bourassa v. United States*, 581 F. Supp. 3d 1188, 1199–1200 (D. S.D. 2022) (citing *see, e.g. Gonzalez-Rucci v. United States*, 218 F. Supp. 2d 161, 163 (D.P.R. 2002) ("Filing of the administrative claim with the INS did not toll the statute of limitations for *Bivens* purposes."); *Uhl v. Swanstrom*, 876 F. Supp. 1545, 1559 (N.D. Iowa 1995), *aff'd on other* grounds, 79 F.3d 751 (8th Cir. 1996) (finding that because the FTCA administrative process was voluntary as to plaintiff's § 1983 claim, the FTCA administrative process did not toll the statute of limitations on § 1983 claim); *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (unpublished) (citing *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 466, 95 S. Ct. 1716, 44 L.Ed.2d 295 (1975)) (stating that nothing prevented the plaintiff from initiating his § 1983, 1985, 1986 or *Bivens* claims in federal court before or during the pendency of ICE's review of his FTCA claim and that "[t]olling the statute of limitations to save parallel claims that do not require exhaustion of administrative remedies would unjustifiably extend the statute of limitations for those claims."); *Tucker v. Belaski*, 86 F.3d 1167, 1996 WL 273891 at *2 n.6 (10th Cir. 1996) (unpublished) (concluding that plaintiff's pursuit of administrative remedies under the FTCA would not toll the 2-year statute of limitations applicable to plaintiff's *Bivens* claim); *Atkins v. Williams*, Civ. No. 20-00126, 2020 WL 5505122, at *4 (E.D. Ky. Sept. 11, 2020) (stating that *Bivens* and FTCA claims are "separate and distinct claims" and that "whether prison staff interfered with [plaintiff's] ability to obtain an Administrative Tort Claim form used to initiate the administrative process with respect to a potential negligence claim is irrelevant to whether the limitations period should be tolled with respect to his *Bivens* claims."); *Roseboro v. Brown*, Civ. No. 1:13-CV-513, 2015 WL 631352, at

3

*5 (E.D. Va. Feb. 12, 2015) ("[T]he fact that [Plaintiff's] FTCA claim was timely filed does not merit equitable tolling of the *Bivens* statute of limitations."); *McCorvey v. United States,* Civ. No. 12-00757, 2014 WL 4594475, *7 (S.D. Ala. Sept. 11, 2014) (holding that Plaintiff's administrative claim under the FTCA was not a prerequisite to his constitutional claims against the VA employees and thus, the administrative claim did not serve to toll the two-year limitations period applicable to those claims."); *Raines v. Lappin*, Civ. No. 11-5681, 2013 WL 3283930, at *6 (D.N.J. Jun. 26, 2013) ("[T]he statute of limitations on Plaintiff's *Bivens* claim cannot be tolled by virtue of his attempts to exhaust administrative remedies on his FTCA claim; they are simply two different causes of action."); *Nails v. U.S. Dep't of Hous. and Urban Dev.*, Civ. No., 2010 WL 4386540, at *1 (M.D. Ala. Oct. 29, 2010) (holding that plaintiff's *Bivens* claim was not tolled pending the completion of HUD's administrative review); *Ke v. Ass'n of Pa. State of College & Univ. Faculties*, Civ. No. 10-448, 2011 WL 902418, at *8 (M.D. Pa. Mar. 1, 2011), *adopting report and recommendation*, 2011 WL 902415 (Mar. 15, 2011) (finding that pursuit of administrative remedies under Title VII did not toll the limitations period for § 1981, 1983 or 1985 claims)).

Although Plaintiff's FTCA claim did not provide for tolling, he has also shown that he was exhausting his administrative remedies under the Bureau of Prison's Administrative Remedy Program. While "the accrual date of a § 1983 cause of action is a question of federal law," state law governs the length of the limitations period and tolling issues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *see also Roberts v. Barreras*, 109 F. App'x 224, n.1 (10th Cir. 2004) (unpublished) (citation omitted) ("A *Bivens* action is subject to the same statute of limitations as a 42 U.S.C. § 1983 suit.").

"Under Kansas common law . . . a plaintiff is entitled to tolling of the statute of limitations during the period he exhausted his administrative remedies." *Bloom v. McPherson*,

346 F. App'x 368, 371 (10th Cir. 2009) (unpublished) (citing *Wagher v. Guy's Foods, Inc.*, 256 Kan. 300, 885 P.2d 1197, 1205–06 (1994)); *see also Trammell v. Denning*, 2012 WL 5362968, at *1 (D. Kan. 2012) ("Under Kansas common law, plaintiff is entitled to tolling of the limitation period during the time required to exhaust administrative remedies."). The Tenth Circuit has stated that "[e]very circuit to address the issue has held that the filing of a mandatory administrative grievance tolls the statute of limitations for § 1983 and *Bivens* claims." *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007) (citation omitted); *see also Johnson v. Garrison*, 805 F. App'x 589, 594 (10th Cir. 2020) (equitably tolling § 1983 limitations period during the PLRA exhaustion period).

Even considering Plaintiff's Complaint as timely-filed, it still fails to state a claim under *Bivens*. In his Complaint, Plaintiff seeks $10,000,000 in compensatory damages. (Doc. 5, at 5.)[1] The Tenth Circuit recently noted that the Supreme Court "is on course to treating *Bivens* as a relic of the 20th century" and that "[t]his development has been gradual, but relentless." *Logsdon v. U.S. Marshal Serv.*, 91 F.4th 1352, 1355 (10th Cir. 2024), *rehr'g denied* (Apr. 5, 2024). The Tenth Circuit in *Logsdon* found that:

---

[1] The Court notes that in Plaintiff's original complaint that was not on the Court-approved form, he sought compensatory damages in the amount of $2,000,000 and to have Officer Brown and Officer Kendall terminated and the complaint investigated properly. (Doc. 1, at 3.) Any request for injunctive relief would be moot because Plaintiff is no longer incarcerated at USPL. Furthermore, to the extent Plaintiff seeks the officers' termination or an investigation, the Court is without authority to grant such relief. *See Nicholas v. Hunter*, 228 F. App'x 139, 141 (3rd Cir. 2007) ("The remaining relief requested is not available as the District Court lacks authority to order a federal investigation and prosecution of the defendants or the termination of their employment."); *Goulette v. Warren*, No. 3:06CV235-1-MU, 2006 WL 1582386, at n.1 (W.D. N.C. June 1, 2006) ("The Court notes that even if Plaintiff's claims prevailed in this case, this Court would not, based upon this law suit, have the authority to order the termination of the Defendant's employment or to grant Plaintiff an immediate, early release from jail."); *Martin v. LeBlanc*, No. 14-2743, 2014 WL 6674289, at n.1 (W.D. La. Nov. 24, 2014) (finding that where plaintiff requested an investigation, the termination of the defendants' employment and the closure of the prison, "[s]uch relief is not available in this action"); *Merrida v. California Dep't of Corr.*, No. 1:06-CV-00502 OWW LJO P, 2006 WL 2926740, at n.1 (E.D. Cal. Oct. 11, 2006) (finding that where plaintiff prays for the termination of defendant's employment, "the court cannot award this form of relief to plaintiff") (citing 18 U.S.C. § 3626(a)(1)(A)).

Without explicitly overruling its three acknowledged precedents, the [Supreme] Court has shown an increasing willingness to distinguish them, now stating that the ultimate question to ask when determining whether the courts should recognize a *Bivens* cause of action not created by Congress is ordinarily only "whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert v. Boule*, 596 U.S. 482, 492, 142 S. Ct. 1793, 213 L.Ed.2d 54 (2022). And the circumstances in which the answer to the question is "no" appears to comprise a null set. *See id.* at 503, 142 S. Ct. 1793. (Gorsuch, J., concurring) ("When might a court *ever* be 'better equipped' than the people's elected representatives to weigh the 'costs and benefits' of creating a cause of action? It seems to me that to ask the question is to answer it. To create a new cause of action is to assign new private rights and liabilities—a power that is in every meaningful sense an act of legislation."); *see also Silva v. United States*, 45 F.4th 1134, 1140 (10th Cir. 2022) ("[W]e are left in no doubt that expanding *Bivens* is not just 'a disfavored judicial activity,' it is an action that is impermissible in virtually all circumstances." (quoting *Egbert*, 596 U.S. at 491, 142 S. Ct. 1793) (citation omitted)). The Court has said in effect that almost any difference between the case at hand and the three Court precedents can justify rejecting a cause of action. *See Egbert,* 596 U.S. at 503, 142 S. Ct. 1793 (Gorsuch, J., concurring) ("Candidly, I struggle to see how this set of facts differs meaningfully from those in *Bivens* itself.").

And, perhaps even more striking, the Court has justified a departure from those precedents even when the facts are virtually the same if the government can provide a reason for not recognizing a cause of action that was not considered in the applicable precedent. Thus, in *Egbert* itself the Court considered an excessive-force claim, similar to the one in *Bivens*, against a federal officer. *See Egbert*, 596 U.S. at 495, 142 S. Ct. 1793 ("*Bivens* and this case do involve similar allegations of excessive force and thus arguably present almost parallel circumstances or a similar mechanism of injury." (internal quotation marks omitted)). But it held that the court of appeals erred by recognizing a cause of action under *Bivens*, distinguishing *Bivens* based on facts that have no bearing on the elements of an excessive-force claim: the incident arose in the "border-security context," and Congress had created remedies for misconduct by government agents. *See id.* at 494, 142 S. Ct. 1793. Given such hurdles placed in the way of a *Bivens* cause of action, Mr. Logsdon has no claim.

*Id*. at 1355–56.

The Tenth Circuit in *Logsdon* found that "[a] second independent ground for not recognizing a *Bivens* action . . . is that the availability of alternative remedies for misconduct . . . suggests that this court should not be the institution to create a remedy." *Id*. at 1359. "If there are alternative remedial structures in place, that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action." *Id*. (quoting *Egbert*, 596 U.S. at 493). The Tenth Circuit quoted *Egbert* as follows:

> "So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy. That is true even if a court independently concludes that the Government's procedures are not as effective as an individual damages remedy." *Id.* at 498, 142 S. Ct. 1793 (internal quotation marks omitted).

*Id*.

In *Silva*, the Tenth Circuit held that the Bureau of Prison's Administrative Remedy Program "ARP" was adequate. *Silva v. United States*, 45 F.4th 1134, 1141 (10th Cir. 2022) (finding that the key takeaway from *Egbert* is "that courts may dispose of *Bivens* claims for 'two *independent* reasons: Congress is better positioned to create remedies in the [context considered by the court], and the Government already has provided alternative remedies that protect plaintiffs' ") (citation omitted); *see also Noe v. United States Gov't*, 2023 WL 8868491, at *3 (10th Cir. Dec. 22, 2023) ("We need not decide whether Noe's case is meaningfully different from *Carlson*, because in the wake of *Egbert* and *Silva* . . . the availability of the ARP is sufficient to foreclose a *Bivens* claim despite any factual similarity between the two.").

In *Silva*, the Tenth Circuit had little difficulty in concluding "that the BOP Administrative Remedy Program is an adequate 'means through which allegedly unconstitutional actions . . . can be brought to the attention of the BOP and prevented from recurring.' " *Silva*, 45 F.4th at 1141

(citation omitted).  The *Silva* court found that "because *Bivens* 'is concerned solely with deterring the unconstitutional acts of individual officers,' . . . the availability of the BOP's Administrative Remedy Program offers an independently sufficient ground to foreclose Plaintiff's *Bivens* claim." *Id*. (citing *Egbert*, 142 S. Ct. at 1806 (quoting *Malesko*, 534 U.S. at 71, 122 S. Ct. 515)).  Plaintiff acknowledges that he pursued administrative remedies through the ARP.

## III. Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated in this Memorandum and Order to Show Cause.  Failure to respond by the deadline may result in dismissal of this action without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **November 18, 2024,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for failure to state a claim.

**IT IS SO ORDERED**.

**Dated October 18, 2024, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**