IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROY L. NOREY,

    **Plaintiff,**

v.                                                                              CASE NO. 24-3149-JWL

(FNU) KENTRELL, Officer,
USP-Leavenworth,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff, a federal prisoner, brings this pro se civil rights action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff is in custody at the Forest City-FCI in Forest City, Arkansas. Plaintiff's claims are based on incidents occurring during his incarceration at USP-Leavenworth in Leavenworth, Kansas ("USPL"). The Court granted Plaintiff leave to proceed in forma pauperis. On October 18, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 9) ("MOSC"), ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's Response (Doc. 12).

The Court found in the MOSC that Plaintiff fails to state a claim under *Bivens*. The Court cited Tenth Circuit precedents finding that "[a] second independent ground for not recognizing a *Bivens* action . . . is that the availability of alternative remedies for misconduct . . . suggests that this court should not be the institution to create a remedy." *Logsdon v. U.S. Marshal Serv.*, 91 F.4th 1352, 1359 (10th Cir. 2024). "If there are alternative remedial structures in place, that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action." *Id.* (quoting *Egbert*, 596 U.S. at 493). In *Silva*, the Tenth Circuit held that the

1

Bureau of Prison's Administrative Remedy Program "ARP" was adequate. *Silva v. United States*, 45 F.4th 1134, 1141 (10th Cir. 2022) (finding that the key takeaway from *Egbert* is "that courts may dispose of *Bivens* claims for 'two *independent* reasons: Congress is better positioned to create remedies in the [context considered by the court], and the Government already has provided alternative remedies that protect plaintiffs' ") (citation omitted); *see also Noe v. United States Gov't*, 2023 WL 8868491, at *3 (10th Cir. Dec. 22, 2023) ("We need not decide whether Noe's case is meaningfully different from *Carlson*, because in the wake of *Egbert* and *Silva* . . . the availability of the ARP is sufficient to foreclose a *Bivens* claim despite any factual similarity between the two.").

In *Silva*, the Tenth Circuit had little difficulty in concluding "that the BOP Administrative Remedy Program is an adequate 'means through which allegedly unconstitutional actions . . . can be brought to the attention of the BOP and prevented from recurring.' " *Silva*, 45 F.4th at 1141 (citation omitted).  The *Silva* court found that "because *Bivens* 'is concerned solely with deterring the unconstitutional acts of individual officers,' . . . the availability of the BOP's Administrative Remedy Program offers an independently sufficient ground to foreclose Plaintiff's *Bivens* claim." *Id*. (citing *Egbert*, 142 S. Ct. at 1806 (quoting *Malesko*, 534 U.S. at 71, 122 S. Ct. 515)). Plaintiff acknowledges that he pursued administrative remedies through the ARP.

The Court ordered Plaintiff to show good cause why his Complaint should not be dismissed for the reasons stated in the MOSC.  In his response (Doc. 12) Plaintiff merely asserts that this is a *Bivens* action. (Doc. 12, at 1.)  Plaintiff then sets forth his difficulties in exhausting his administrative remedies due to his transfers in arguing for tolling of the statute of limitations. *Id*. at 2.  Plaintiff then asserts that he will remove any request for injunctive relief and is only seeking $2,000,000 in compensatory damages.

Plaintiff has failed to show good cause why this matter should not be dismissed for failure to state a claim. The Court found in the MOSC that "[e]ven considering Plaintiff's Complaint as timely-filed, it still fails to state a claim under *Bivens*." (Doc. 9, at 5.) Plaintiff has failed to address the Tenth Circuit caselaw foreclosing the availability of a cause of action under *Bivens*.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated November 21, 2024, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**